UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-978 |
| | § | |
| ANTONIO VASQUEZ-REGINO, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Pending before the Court is Defendant/Movant Antonio Vasquez-Regino's motion to reconsider the Court's previous order denying his motion to reduce his sentence under 18 U.S.C. § 3582 and Amendment 782 to the Sentencing Guidelines. D.E. 56.

Movant was sentenced to 60 months' imprisonment on April 2, 2014, following his guilty plea to conspiracy to possess with intent to distribute 271.47 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). D.E. 36. On April 6, 2015, Movant filed a motion to reduce his sentence pursuant to Amendment 782 to the Sentencing Guidelines. D.E. 54. The Court denied the motion by written order entered June 22, 2015, explaining, "The defendant is not eligible for the reduction pursuant to 18 U.S.C. § 3582(c) as the defendant is subject to a mandatory minimum sentence of 5 years, pursuant to 21 U.S.C. § 841(b)(1)(B)." D.E. 55-2. Movant now moves the Court to reconsider its decision.

The Court has authority to modify or correct a previously-imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). *United States v. Ross*, 557 F.3d 237, 238 (5th Cir. 2009); *United States v. Bridges*, 116 F.3d 1110, 1112

(5th Cir. 1997). These circumstances are: (1) upon a motion for reduction by the Director of the Bureau of Prisons under certain circumstances; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; and (3) if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements. 18 U.S.C. § 3582(c); *Ross*, 557 F.3d at 238.

As set forth above, Movant was sentenced to a mandatory minimum sentence. Although Amendment 782 modified the drug quantity table, Congress did not change the statutory minimum sentence. Amendment 782 does not affect the calculation of Movant's sentence, and he has failed to show that he otherwise qualifies for relief under the limited circumstances set out in § 3582(c).

For the reasons set forth above, as well as the Court's June 22, 2015 Order (D.E. 55), Movant's motion to reconsider the Court's previous order denying his motion to reduce his sentence under 18 U.S.C. § 3582 and Amendment 782 to the Sentencing Guidelines (D.E 56) is **DENIED**.

ORDERED this 12th day of January, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE